AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)     ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

**LODGED**
CLERK, U.S. DISTRICT COURT
2/14/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____asi_____ DEPTUTY

for the

Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT
02/14/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ____KL____ DEPUTY

United States of America

v.

SALOMON MORALES-CAMPOS,
  aka "Salomon Morales Campos,"
  aka "Saloman Morales,"

Defendant.

Case No.  2:25-mj-00771-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of February 1, 2025 in the county of Los Angeles in the Central District of

California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Marco Perera*
Complainant's signature

Marco Perera, Detention Officer
Printed name and title

AUSA: Eric Mackie

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:        February 14, 2025

*Judge's signature*

City and state:  Los Angeles, California

Hon. Alicia G. Rosenberg, U.S. Magistrate Judge
*Printed name and title*

AUSA: Eric Mackie

## AFFIDAVIT

I, Marco Perera, being duly sworn, declare and state as follows:

### I.  PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint and arrest warrant against Salomon Morales-Campos, also known as "Salomon Morales Campos," "Saloman Morales," ("defendant") charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER PERERA

3.    I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since May 2016.  I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office. Before I became an ICE DO, I was employed by the United States

Border Patrol since March 2008.  I have experience reviewing immigration files, deportation and removal proceedings, and executed final orders of removal, among other immigration related documents, process, and proceedings.

### III. STATEMENT OF PROBABLE CAUSE

4.    On or about January 5, 2024, MORALES-Campos was determined to be at the Riverside County Jail in Riverside, California by Deportation Officer E. Aguilar ("DO Aguilar"). DO Aguilar conducted a preliminary records check of the DHS/ICE database which revealed MORALES-CAMPOS was eligible for administrative enforcement action and an Immigration Detainer Form I-247A was issued against MORALES-CAMPOS.  On or about January 21, 2025, MORALES-CAMPOS, was released from the custody of the Riverside County Jail.

5.    Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6.    On or about February 1, 2025, I conducted a criminal records check through the Treasury Enforcement Communication System and discovered defendant was arrested on November 16, 1993.  On or about April 25, 1994, defendant was convicted for transport/sell controlled substance, to wit: heroin, in violation of California Penal Code § 11352(a).

2

7.    On or about January 31, 2024, I obtained and reviewed DHS A-File A043 566 935 (the "DHS A-File"), which is maintained for the subject alien "SALOMON MORALES-CAMPOS."  The DHS A-File contained the following documents and information:

a.    One executed Warrant of Removal/Deportation (Form I-205) indicating that defendant was officially removed from the United States on or about January 29, 2019.  I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint.  The executed Warrant of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

b.    A certified conviction record showing that defendant was convicted on or about April 25, 1994, of willfully and unlawfully conspiring together and with another person and persons whose identity is unknown to commit the crime of possession for sale of controlled substances (heroin and cocaine), in violation of California Health and Safety Code § 11378, in the Superior Court of California, County of Orange, case number 94ZF001, for which defendant was sentenced to 3 years state prison.

c.    Various documents, in addition to the Warrant of Removal/Deportation, indicating that defendant is a native and citizen of Mexico.  These documents included an Order of the

3

Immigration Judge, dated September 19, 1995, ordering defendant removed to Mexico.

8.    I obtained and reviewed a printout of the data from the California Criminal Identification Information ("CII") and the Federal Bureau of Investigation ("FBI") Identification Record for defendant, the individual who is the subject of this affidavit.  I then compared this data with records from the DHS Central Index System "CIS" associated with the A-File assigned to defendant, which I believe corresponds to his alien number. Upon comparison, I found that the data from CII, FBI, and CIS records contained in defendant's A-File all contain the same FBI identification number that is found in the CII, FBI, and CIS records that I obtained.  In addition, the CII and FBI printouts I obtained reflect the convictions that are described below.  Based on this review, I believe that defendant is the same person who incurred the convictions described below and who was ordered deported and/or removed as described in the A-File.

9.    On or about February 1, 2025, I reviewed printouts from the CII.  Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number.  The CII printouts confirmed that defendant had been convicted of the crimes reflected on the documents contained in defendant's DHS A-File.

10.    On or about February 1, 2025, I reviewed printouts from ICE computer indices on defendant.  Based on my training and experience, I know that  ICE computer indices track and

4

document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States.  The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the dates indicated on the Warrant of Removal/Deportations, found in defendant's DHS A-File.  The ICE computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

11.  Based on my review of defendant's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

//

//

//

5

## IV. <u>CONCLUSION</u>

12.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 14th day of
February 2025.

*Alicia G. Rosenberg*
_____

UNITED STATES MAGISTRATE JUDGE

6